STATE OF VERMONT

SUPERIOR COURT                 ENVIRONMENTAL DIVISION
Docket No. 17-3-15 Vtec
Docket No. 61-5-15 Vtec

| | |
|---|---|
| **Lee NOV**<br><br>**Town of New Haven v. Lee** | **POST-JUDGMENT FINDINGS DECISION AND ORDER** |

On July 23, 2019, the Town of New Haven ("Town") filed a motion for contempt against Michael Lee ("Mr. Lee") regarding zoning violations on his property at 3065 Ethan Allen Highway in New Haven, Vermont. This Court presided over an August 26, 2019 hearing on the Town's motion, where Attorney Cindy E. Hill represented the Town and Mr. Lee spoke on his own behalf. At the hearing, Mr. Lee conceded that he had not brought his property into compliance with this Court's prior orders. The Town's evidence corroborated his admission.

This Court held Mr. Lee in contempt on the record at the conclusion of the hearing. In an Entry Order issued August 28, 2019, the Court directed the parties to file recommendations as to the proper remedy. Before addressing those recommendations, we provide a brief summary of the long history of these coordinated municipal enforcement actions.[1]

The Town originally issued Mr. Lee a notice of violation in November 2013. On appeal, this Court rendered a Decision on the Merits and Judgment Order on November 17, 2016 ("2016 Order"), upholding the NOV and granting injunctive relief and monetary fines in response to the Town's zoning enforcement complaint. In re Lee NOV, Nos. 17-3-15 Vtec, 61-5-15 Vtec, slip op. at 5-6 (Vt. Super. Ct. Envtl. Div. Nov. 17, 2016) (Durkin, J.). We determined that Mr. Lee's property did not comply with the Town's zoning regulations and ordered fines and injunctive relief. Id. The Vermont Supreme Court affirmed this decision with a minor modification in June 2017. In re Lee, No. 2017-004 (Vt. June 2017) (mem.).

---

[1] We also note the existence of a related, but separate, enforcement action in the Act 250 context, which the Vermont Natural Resources Board brought against Mr. Lee. See NRB v. Michael Lee, et al, No. 111-10-18 Vtec.

When Mr. Lee did not comply with the deadlines for corrective action or pay any of the fines, the Town filed its first motion for enforcement and contempt in October 2017. After a hearing, the Court issued an Order ("2018 Order") finding Mr. Lee in contempt, escalating the fines due, and again prescribing a set of remedial actions to be carried out within 120 days. In re Lee NOV, Nos. 17-3-15 Vtec, 61-5-15 Vtec, slip op. at 5-6 (Vt. Super. Ct. Envtl. Div. Mar. 16, 2018) (Durkin, J.).

On July 23, 2019, over a year after the 120-day period expired, the Town filed the present motion for contempt and enforcement. The August 26, 2019 hearing revealed that Mr. Lee had taken some steps to regrade the slopes on his property, to restore the elevated display area to grade, and to remove some of the trailers on his land. However, by his own admission, Mr. Lee has not paid the Town any of the penalty owed. Nor has he modified the driveway or submitted any zoning applications to the Town. He also continues to keep more than nine trailers on his property, all in contravention of this Court's 2018 and 2016 Orders.[2]

This Court has the power to hold a party in contempt, and to impose appropriate sanctions, "to secure both 'the proper transaction and dispatch of business [and] the respect and obedience due to the court and necessary for the administration of justice." State v. Allen, 145 Vt. 593, 600 (1985) (quoting In re Cooper, 32 Vt. 253, 258 (1859)); see also 12 V.S.A. § 122 (empowering trial courts to hold parties that violate a court order in contempt).

As indicated, this Court found Mr. Lee in contempt on the record during the hearing on the Town's Motion for Contempt and Enforcement. This marks the second time Mr. Lee has been held in contempt in these coordinated municipal enforcement proceedings. The parties have filed recommendations and supplemental information as directed in this Court's the August 28, 2019 Entry Order.[3] The issue presently before the Court is the proper remedy for Mr. Lee's contempt.

---

[2] The foregoing is a synopsis included for contextual purposes and is not intended to be a complete, binding description of the facts or the conclusions of the Court.

[3] Specifically, the Court by this Order established:
1. a specific date by which Mr. Lee must remove the extra trailers off his property and file the requisite site plan and conditional use applications, or face increased sanctions;
2. Define the monthly amount that Mr. Lee will pay towards the existing fines established by this Court's prior orders; and

**Findings of Fact**

1. Mr. Lee has not paid any of the fines imposed by this Court's prior orders.

2. As of January 29, 2018, fines and interest due to the Town totaled $26,968.88.

3. Mr. Lee has not completely removed the unauthorized trailers from his property at 3065 Ethan Allen Highway in New Haven, Vermont, as required by this Court's prior orders.

4. Mr. Lee has not filed complete site plan and conditional use permit applications, as required by this Court's prior orders.

5. 575 days passed between the date when fines were last calculated on January 29, 2018, and the date of the hearing on August 26, 2019.

6. 408 days passed between the date for compliance with this Court's 2018 Order and the hearing on August 26, 2019.

7. The Town's legal expenses in connection with the Motion for Contempt and Enforcement filed July 23, 2019 are $3,450.00

8. Mr. Lee's ability to pay the fines he owes is limited. He applied for a bank loan in the amount of $30,000 for the purpose of paying fines due, and the loan was denied.

**Discussion**

The testimony at the hearing on August 26, 2019 revealed that Mr. Lee has made some progress toward non-monetary compliance with our prior orders. Though this is encouraging, approximately two years have passed since this Court's 2018 Order and a substantial amount of work remains to be done. The purpose of a civil contempt remedy is to compel compliance with a court order. Sheehan v. Ryea, 171 Vt. 511, 512 (2000) (mem.).

In fashioning a proper remedy for Mr. Lee's contempt, we will consider the parties' contentions and recommendations. We begin with injunctive relief.[4] The Town seeks an order

---

3. Supply this Court with a recommendation of additional fines, if any, that the Court should impose based on this second finding of contempt.

In re Lee NOV, Nos. 17-3-15 Vtec, 61-5-15 Vtec, slip op. at 5-6 (Vt. Super. Ct. Envtl. Div. Aug. 28, 2019) (Durkin, J.). In addition, Mr. Lee was to provide evidence of his efforts to secure a bank loan to finance his remedial activities and/or fine payments. Id.

[4] As a preliminary matter, we note that there has been considerable confusion about the appropriate address for service to Mr. Lee. At the hearing on August 26, 2019, Mr. Lee was evasive and would not provide a clear indication of the address where he receives mail. This proceeding concerns property at 3065 Ethan Allen

requiring Mr. Lee to remove all unauthorized trailers from his property within 30 days and to file site plan and conditional use permit applications with the Town of New Haven Development Review Board (DRB) within 60 days.[5]  Pursuant to this Court's prior orders, nine trailers may remain on the property but any additional trailers must be removed.  Mr. Lee has maintained throughout these proceedings that the removal is time consuming and difficult; his most recent filing requests a deadline of May 1, 2020.

This Court has broad discretion in determining whether injunctive relief is appropriate to remedy zoning violations.  See In re Letourneau, 168 Vt. 539, 551 (1998).  We also note that the injunctive relief ordered by this Court and affirmed by the Vermont Supreme Court remains binding on Mr. Lee.[6]  Mr. Lee does not contest his preexisting obligations regarding the unauthorized trailers or the necessary permit applications.  Under these circumstances, and in keeping with this Court's prior orders, we find it appropriate to require Mr. Lee to remove all but nine trailers from his property and to file complete site plan and conditional use applications with the DRB.  Considering the unfolding pandemic facing our State, Country, and World, we must set realistic deadlines for this work.  Therefore, we direct that Mr. Lee file the necessary permit applications by **August 1, 2020** and remove the trailers by **September 30, 2020**.

The next issue concerns existing fines.  Mr. Lee has not paid any fines due to date.  This Court's 2016 Order imposed penalties of $15.00 per day for the violations existing at the time, plus additional fines for failing to meet certain deadlines.  See In re Lee NOV, Nos. 17-3-15 Vtec, 61-5-15 Vtec, at 23 (Nov. 17, 2016).  The total payment owed to the Town as of January 29,

---

Highway in the Town of New Haven, and Mr. Lee has previously stated that he receives mail at that address.  Mr. Lee is self-represented.  Unless otherwise required by law, filings will be deemed appropriately served if they are sent to his last-known address at 3065 Ethan Allen Highway, New Haven, Vermont, by first class mail.  See V.R.C.P. 5.  If Mr. Lee files an affidavit within 30 days of this Order attesting that he will accept service at a different address, future filings will be deemed appropriately served if sent to that address by first class mail.  See id.

[5] The Town also contends that Mr. Lee should be required to remove certain pre-built sheds placed on his property, allegedly in violation of the front yard setback and the Act 250 permit at issue in a separate docket. See NRB v. Michael Lee, et al, No. 111-10-18 Vtec. The Town has stated it does not wish to litigate the alleged setback violation in this proceeding. Furthermore, these municipal cases are not coordinated with the Act 250 case. Therefore, we decline to address the issue here.

[6] This includes removing the offending trailers and filing complete applications for site plan and conditional use approval. In re Lee NOV, Nos. 17-3-15 Vtec, 61-5-15 Vtec, at 23 (Nov. 17, 2016); In re Lee, No. 2017-004, slip op. at 6 (Vt. June 2017) (mem.)

4

2018 was $26,968.88, with interest continuing to accrue at a per diem rate of $8.86. In re Lee NOV, Nos. 17-3-15 Vtec, 61-5-15 Vtec, at 23 (Mar. 17, 2018). As of the hearing on August 26, 2019, Mr. Lee owes the Town $32,063.38.[7]

Given Mr. Lee's failure to pay thus far, the Town asks for access to his bank account information and arrangements for automatic payments in the amount of $2750.00 per month. We recognize the Town's frustration and share the concern that Mr. Lee will continue to miss monthly payments. However, we must also recognize Mr. Lee's current financial limitations. He has not been able to secure the financing necessary to pay the amount due in full, and he asserts that he can only pay an amount of $200.00 per month. In this context, setting monthly payments of $2,750.00 all but guarantees a future default. We therefore hold Mr. Lee to his word and impose a monthly payment of $200.00 toward fines due. We also remind the Town that it may have additional means at its disposal to secure the money owed, such as recording a certified copy of this Decision and Order in the Town of New Haven Land Records and taking steps to foreclose on this judicial order. Further, if Mr. Lee continues his contempt of this Order or the Court's prior Orders, the Town may seek to require Mr. Lee to sit and respond to a financial disclosure hearing.

We now turn to additional fines. The Town requests fines of $100 per day going forward for every day the violations are not cured. The statute permits penalties of up to $200.00 per violation for every day the violation continues. See 10 V.S.A. § 4451. Though "purely prospective fines" are disfavored in Vermont, coercive sanctions are appropriate in certain circumstances if the fines are "purgeable—that is, capable of being avoided by defendants though adherence to the court's order." See Vt. Women's Health Ctr. v. Operation Rescue, 159 Vt. 141, 151 (1992); see also Mann v. Levin, 2004 VT 100, ¶ 31–33, 177 Vt. 261 (upholding prospective fines as a coercive sanction where the defendant violated building height requirements and was able to avoid the fines by bringing the building into compliance). We decline to impose prospective fines at this time, but coercive sanctions may well be necessary and appropriate if Mr. Lee remains in contempt of this Court's orders.

---

[7] This amount is calculated as follows: applying the per diem rate of $8.86 to the 575 days between January 29, 2018 and the hearing on August 26, 2019 yields a total of $5,094.50 in interest. Adding $5,094.50 to the $26,968.88 due as of January 29, 2018 yields a total of $32,063.38 due as of the hearing date.

The Town also requests penalties in the amount of $3,450.00 to recoup legal expenses incurred in pursuing in this current matter. This Court has broad discretion to set fines pursuant to 10 V.S.A. §4451. See In re Beliveau NOV, 2013 VT 41, ¶ 22, 194 Vt. 1. We may "balance any continuing violation against the cost of compliance and . . . consider other relevant factors" such as "the Town's expenses for attorney's fees and costs in seeking compliance." See id. ¶ 23. Here, Mr. Lee has had years to correct the violations on his property. He has been on notice of the violations since this Court's 2016 Order. The Town has initiated two rounds of contempt proceedings seeking Mr. Lee's cooperation. Under the circumstances, it is more than appropriate to set a penalty of $3,468.00 or $8.50 per day for the 408 days since the last deadline for compliance. See id. ¶ 26 (upholding a penalty that was "well below the amount allowed by statute" and where the defendant "had ample opportunity to cure the violation").

Finally, the Town suggests that the Court should institute criminal contempt proceedings against Mr. Lee if he fails to meet the deadlines for compliance or payment set forth in this order. As explained in the August 28, 2019 Entry Order, extreme remedies become the only recourse when traditional monetary and injunctive relief fails. Mr. Lee should take the Court's cautionary statements in the August 26, 2019 hearing, the August 28, 2019 Entry Order, and this Order as fair warning that the Court may impose more severe sanctions if presented with facts sufficient to find him in civil or criminal contempt at some future date. We will consider barring the commercial use of the property, and even forfeiture of the property or imprisonment. We hope that Mr. Lee will redouble his efforts toward compliance and avoid further proceedings of this nature.

**Order**

Accordingly, based on the foregoing, the following is hereby **ORDERED and ADJUDGED**:

A. Unless otherwise required by law, future filings from the Town will be deemed appropriately served if they are sent to Michael Lee at his last-known address, 3065 Ethan Allen Highway, New Haven, Vermont, by first class mail. If Mr. Lee files an affidavit within 30 days of this Order attesting that he will accept service by mail at a different address, future filings will be deemed appropriately served if sent to that address by first class mail.

B.  In accordance with this Court's prior orders, Michael Lee shall cause the complete removal of all but nine of the box trailers on his property at 3065 Ethan Allen Highway in New Haven, Vermont by no later than **September 30, 2020.**

C.  In accordance with this Court's prior orders, Michael Lee shall prepare and submit to the Town's appropriate municipal panel complete applications for conditional use and site plan approvals by no later than **August 1, 2020.**

D.  Michael Lee shall pay to the Town $32,063.38 in installments of $200.00 per month, with the first monthly payment due **May 1, 2020.** Interest shall continue to accrue on any unpaid principal balance, as specified in this Court's 2018 Order.

E.  Michael Lee also shall pay to the Town the sum of $3,468.00 by no later **than September 30, 2020**.  This amount shall fully reimburse the Town for its attorney's fees and expenses incurred in pursuing the Motion for Contempt and Enforcement to secure Mr. Lee's compliance.

This Court retains jurisdiction to ensure compliance with this Order.

Electronically signed on April 2, 2020 at Brattleboro, Vermont, pursuant to V.R.E.F. 7(d).

_____
Thomas S. Durkin, Superior Judge
Environmental Division